UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW LUCAS FRAZIER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>C. WOFFORD,<br><br>　　　　　Respondent. | No. 2:15-cv-1061 CKD P<br><br><br>ORDER |

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. In 2011, petitioner was found guilty of having committed two counts of criminal threats and two counts of obstructing an officer. As a result of his convictions and a sentence-enhancing finding that petitioner had committed a "prior serious felony," petitioner was ordered to serve a total of seven years and eight months' imprisonment. Respondent has filed a motion to dismiss this action as time-barred. Both parties have consented to have all matters in the action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

/////
/////
/////
/////
/////

1

Title 28 U.S.C. § 2244 provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On June 12, 2013, the California Supreme Court denied petitioner's petition for review of the California Court of Appeal's decision with respect to petitioner's direct appeal.  Resp't's Lodged Doc. No. 5.  Direct review concluded 90 days later on September 10, 2013 when the time for the filing of a petition for writ of certiorari in the United States Supreme Court expired.  See Brown v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Pursuant to 28 U.S.C. § 2244(d)(1)(A), the one year limitations period applicable to this action began running the next day.  Absent tolling, the limitations period ran out one year later on September 10, 2014.  The court received petitioner's original petition for writ of habeas corpus and opened this action on May 15, 2015.[1]

/////

/////

---

[1] Normally this action would be deemed commenced for statute of limitations purposes on the day petitioner gave his habeas petition to prison officials for mailing.  Houston v. Lack, 487 U.S. 266, 270 (1988).  However, there is no indication in petitioner's habeas petition, such as a certificate of service, as to when that occurred.  In any case, a finding by this court that petitioner commenced this action a few days before May, 15, 2015 would not change the outcome of the court's conclusion regarding respondent's motion.

1       Under 28 U.S.C. § 2244(d)(2), the "time during which a properly filed application for
2  State post-conviction or other collateral review with respect to the pertinent judgment or claim is
3  pending shall not be counted toward" the one-year limitation period.  Respondent concedes that
4  petitioner had such an application pending in the Superior Court of Shasta County between
5  October 25, 2013 and December 12, 2013.[2]  ECF No. 13 at 5.  The court agrees with respondent
6  that there was no basis for statutory tolling prior to October 25, 2013.  By the time the Shasta
7  County application for collateral relief was denied, 44 days of the limitations period had expired.

8       Respondent also concedes that the limitations was tolled a second time on April 16, 2014,
9  when petitioner submitted an application for collateral relief to the California Court of Appeal.
10 However, respondent argues that the limitation period ran for the period of time between the
11 denial of his Shasta County application and the filing of his application in the Court of Appeal.
12 Interval tolling is normally appropriate during the collateral review process in California when a
13 prisoner files at the next court level within a reasonable time following denial of his collateral
14 petition at the lower level.  Evans v. Chavis, 546 U.S. 189, 197-98 (2006).  The Supreme Court
15 has suggested that an interval of 30-60 days is a reasonable amount of time rendering tolling
16 appropriate. Id. at 201.  An unjustified or unexplained delay of six months is clearly not
17 reasonable. Id.   The delay here is approximately 10 days short of 6 months.  Because plaintiff
18 fails to provide any justification for his near six month delay in filing with the California Court of
19 Appeal, he is precluded from interval tolling under Evans.  By the time petitioner filed in the
20 Court of Appeal, 168 days of the limitations period had expired.

21      Petitioner's application for collateral review was denied by the California Court of Appeal
22 on May 1, 2014.  Petitioner then proceeded to the California Supreme Court with his application
23 for collateral review having been submitted there on June 18, 2014.  The application was denied
24 on September 10, 2014.  Respondent concedes that the limitations period was tolled from the time
25 petitioner submitted his application for collateral review to the California Court of Appeal until

---

[2] Respondent also points to evidence indicating petitioner pursued collateral relief before the conclusion of direct review.  However, since these actions were terminated prior to the conclusion of direct review, they do not operate to toll the applicable limitations period.  Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008).

his California Supreme Court application was denied (respondent agrees petitioner is entitled to interval tolling in this instance because petitioner proceeded to the California Supreme Court within a reasonable time after his Court of Appeal application was denied).

The limitations period began running again on September 11, 2014 and then ran out on March 26, 2015. Therefore, unless there is sufficient equitable tolling of the limitations period, this action is time-barred.

Petitioner asserts he is entitled to tolling of the limitations period under the "equitable tolling" doctrine. The statute of limitations applicable in a § 2254 action may be subject to equitable tolling if a petitioner can demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance prevented him from filing on time. Holland v. Florida, 560 U.S. 631, 649, 2562 (2010). Petitioner must show that the extraordinary circumstance was the cause of the untimeliness. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner asserts a prison transfer, 30 days lack of access to his legal material while petitioner was "out to court," and medical appointments for an injury to his left shoulder, which resulted in surgery, delayed the filing of his petition for writ of habeas corpus. However, petitioner does not point to the precise periods of time when delay was caused. Therefore, he does not show that the circumstances he alleges were extraordinary and caused his petition to be untimely. Respondent points to evidence indicating that petitioner, through no fault of his own, may not have had access to his legal materials between September 10 and October 10, 2014 (due to a prison transfer) and then between January 7 and 22, 2015 (because he was out to court). But these relatively brief delays do not demonstrate that, despite exercising diligence, plaintiff could not file March 26, 2015.

Finally, petitioner asserts the court should consider the limitations period waived under the "actual innocence" exception. The Supreme Court has found that a federal habeas petitioner may have otherwise time-barred claims heard if a credible showing of "actual innocence" is made. McQuiggin v. Perkins, 133 S. Ct. 1924, 1933 (2013). A credible showing of "actual innocence" occurs when a prisoner shows that it is "more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 1935. Petitioner fails to make

4

this showing as he fails to make a coherent argument concerning how any evidence which was not presented to the jury in his case may have changed the outcome of the verdict.

For all the forgoing reasons, respondent's motion to dismiss this action as time-barred will be granted, and this case will be closed.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 13) is granted;

2. Petitioner's petition for writ of habeas corpus is dismissed;

3. This case is closed; and

4. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated:  May 2, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
fraz1061.sol(h)